UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIA NONI<br><br>                    Plaintiff,<br><br>v.<br><br>HOPE ORGANICS LLC d/b/a MUTHA and DOES 1 through 10 inclusive,<br><br>                    Defendant. | Case No. **7:26-cv-1379**<br>_____<br>**COMPLAINT**<br>DEMAND FOR JURY TRIAL |

Plaintiff, Julia Noni alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for Copyright infringement pursuant to 28 U.S.C. § 1331(federal question) and 28. U.S.C. § 1338(a) (copyrights).

3. This court has personal jurisdiction over Defendant because Defendant's actions alleged herein occurred in the state of New York, Defendant caused injury to Plaintiff within the state of New York, Defendant has a physical presence in the state of New York, and Defendant conducts business in the state of New York.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or 28 U.S.C. § 1400(a) in that this is the judicial district in which a substantial part of

the acts and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5. Plaintiff Julia Noni ("Noni" or "Plaintiff") is an individual and professional photographer and director.

6. Defendant Hope Organics LLC d/b/a Mutha ("Mutha" or "Defendant") is a Delaware Corporation whose principal place of business is in New York at 360 W 31st Street, Floor 7, New York, NY.

7. Mutha has one or more offices and employees in New York and has conducted regular and substantial business throughout New York including in this judicial district, and has transacted business with many individuals or businesses residing throughout New York including in this judicial district.

8. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend

the complaint when the names and capacities of such fictitiously named Defendants are ascertained.

9. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

## FACTUAL ALLEGATIONS

*Plaintiff Julia Noni*

10. Julia Noni is a highly successful photographer and director.

11. Noni's photographic and directorial works are published in several top publications including *GQ, Harper's Bazaar, Vogue Germany, British Vogue*, and *Rouge Fashion Book.* Additionally, her photography and videography have been used commercially for clothing companies and makeup brands such as Chanel, Fenty Beauty, Ulla Johnson, Mont Blanc, Lanvin, Dior, and Mango.

12. Noni's livelihood depends on receiving compensation for the photographs that she produces, and the copyright protection afforded to Noni's work deters would-be infringers from copying and profiting from her work without permission.

13. Noni is the sole creator and exclusive rights holder to an original close up beauty photograph of two women in matching bathing suits with their arms interlocked (the "Beauty Photograph").

14. Attached as Exhibit A is a true and correct copy of the Beauty Photograph.

15. Noni has registered the Beauty Photograph with the United States Copyright Office under registration number VA 2-236-151, with an effective registration date of December 22, 2020.

16. Attached hereto as Exhibit B is a true and correct copy of registration certificate VA 2-236-151.

### *Defendant Hope Organics LLC d/b/a MUTHA*

17. According to Defendant Mutha's website ("Defendant's Website"), Defendant Mutha is a skincare company specializing in a variety of self-branded skin care products. *See* https://mutha.com/pages/about-us.

18. Defendant Mutha markets and sells a variety of skincare products, including but not limited to; body butter; body oil; body cleaning gel; body scrub; face cleanser; and eye cream. *See generally* https://mutha.com/collections/body-care.

19. Upon information and belief, Defendant Mutha is and was at all relevant times the manager, operator, and owner of the @mutha Instagram page https://www.instagram.com/mutha/ ("Defendant's Instagram").

20. Defendant's Instagram has approximately 104,000 followers.

21. Upon information and belief, Defendant Mutha is and was at all relevant times the manager, operator, and owner of the Mutha Facebook page https://www.facebook.com/muthaofficial/ ("Defendant's Facebook")

22. Defendant's Facebook has approximately 4,000 followers.

23. Defendant's Instagram and Defendant's Facebook shall collectively be referred to as "Defendant's Social Media Pages".

24. On information and belief, Defendant's Social Media Pages generates content that promotes its products, services, and to attract user traffic to the Defendant's Website and generate business for the company.

25. At all relevant times, Defendant's Social Media Pages were readily accessible to the general public throughout New York, the United States, and the world.

### *Defendant Mutha's Infringing Conduct*

26. On or about May 27, 2025, Noni discovered her Beauty Photograph published to and displayed on Defendant's Instagram page with the caption "MELT mood-board A moment that will make you melt is launching Monday May 19th." ("Instagram Infringement").

27. A true and correct copy of the Instagram Infringement featuring Noni's Beauty Photograph on Defendant's Instagram are attached as Exhibit C.

28. On or about May 27, 2025, Noni discovered her Beauty Photograph published to and displayed on Defendant's Facebook page with the caption "MELT mood-board A moment that will make you melt is laughing Monday May 19th". ("Facebook Infringement").

29. A true and correct copy of the Facebook Infringement featuring Noni's Beauty Photograph on Defendant's Facebook is attached hereto as Exhibit D.

30. The Instagram Infringement and the Facebook Infringement shall collectively be referred to as the "Infringing Posts".

31. On May 19, 2025, Defendant announced its new product "Body Butter Melt". *See generally* https://www.instagram.com/p/DJ1oFlbNiBj/?hl=en.

32. Noni, through counsel, reached out to Mutha in an attempt to resolve this matter without court intervention, but the Parties were unable to reach a resolution.

33. Noni is informed and believes that the purpose of the use of the Beauty Photograph on Defendant's Social Media Pages in the Infringing Posts was to promote and encourage sales of Mutha products by providing high-quality, professionally-produced photographs to assist the viewer in visualizing the results that could be achieved through purchasing and using Mutha's products. .

34. Specifically, Defendant used the Beauty Photograph on Defendant's Social Media Pages to promote its announcement of its new "Body Butter Melt" product.

35. Noni has never at any point given Mutha a license or other permission to copy, display, distribute or otherwise use the Beauty Photograph in the Infringing Posts on the Defendant's Social Media Pages or on any other website or platform.

36. Mutha (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Beauty Photographs to

Defendant's Social Media Pages without Noni's consent.

37. On information and belief, Defendant's use of the Beauty Photographs was deliberate and willful because it knew or should have known that it did not purchase a license to use the Beauty Photographs.

**CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101** *et seq.*

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of the unique and original Beauty Photograph.

40. Plaintiff owns a valid copyright in the Beauty Photograph.

41. Plaintiff registered the Beauty Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

42. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon the copyrighted Beauty Photographs in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Beauty Photograph without Plaintiff's consent or authority, by using it in the Infringing Posts on Defendant's Social Media Pages.

43. Specifically, Defendant made unauthorized copies and then publicly

displayed the Beauty Photographs with the Infringing Posts on Defendant's Social Media Pages.

44. As a result of Defendant(s)' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

45. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

46. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

a) For a finding that Defendant infringed Plaintiff's copyright interest in the Photograph by copying and displaying it for commercial purposes without a license or consent;

b) For an award of actual damages and disgorgement of all of Defendant(s)' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant(s) pursuant to 17 U.S.C. § 504(c), whichever is larger;

c) For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any

infringing use of any of Plaintiff's copyrighted works;

   d) For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

   e) For pre- and post-judgment interests as permitted by law; and

   f) For any other relief the Court deems just and proper.

DATED: February 18, 2026            Respectfully submitted,

**s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
SDNY #5888896
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Suite 200,
Las Vegas, NV 89032
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff Julia Noni hereby demands a trial by jury in the above matter.

DATED: February 18, 2026        Respectfully submitted,

**s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
SDNY #5888896
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Suite 200,
Las Vegas, NV 89032
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*